IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 05-CR-00430-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RODOLFO SERTUCHE,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter was before the court for detention hearing on December 9, 2005. The court has taken judicial notice of the court's file and the pretrial services report. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

      The Bail Reform Act, 18, U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

      (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Report and entire court file, and have considered the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First the defendant has been charged in the Indictment with: (1) Possession of a Firearm by a Previously Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and with Possession of Ammunition by a Previously Convicted Felon in violation of 18 U.S.C. § 922(g)91).

Second, the court finds that probable cause exists that the defendant committed the charged offenses based upon the indictment.

Third, I find the defendant is unemployed. He does not have a stable residence and he has no financial ties to Colorado. The defendant has been incarcerated since September 2005. The nature and circumstances of this case involves a deadly weapon and ammunition. The defendant was on pretrial release subsequent to entering a plea of guilty to a felony offense at the time of alleged involvement in this case. The defendant has three (3) prior failures to appear. The defendant has had his probation revoked multiple times in the past. The defendant has had his bond revoked on one prior occasion for failure to comply. The defendant has a felony conviction for menacing and also is waiting sentence on felony attempted second degree aggravated motor vehicle theft in Adams County, Colorado.

As a result, after considering all of these factors, I conclude by a preponderance of the evidence, that there that no condition or combination of conditions for release that will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

Done this 9th day of December 2005.

BY THE COURT

S/ Michael J. Watanabe

_____
Michael J. Watanabe
U.S. Magistrate Judge